CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Plaintiff and Appellee, v. CONCEPCIÓN ROSALY WIDOW OF COLÓN, ETC., ET AL., Defendants, and CONCEPCIÓN COLÓN BERNAZAR, Defendant ant Appellant.

No. 8018. Argued July 24, 1939.—Decided March 12, 1940.

*Erasto Arjona Siaca* for appellant. *Ramón A. Gadea Picó* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On an appeal from a judgment of the District Court of Ponce in proceeding to recover possession of chattels sold upon condition appellee moves that the appeal be dismissed: first, because the judgment is not appealable; second, because the appellant has not brought the transcript of evidence or statement of the case.

The appellee's argument is that the judgment is not appealable because the special law on the matter, Act No. 61 of April 13, 1916, amended by Acts Nos. 40 and 88 of 1925 and Act No. 52 of 1937, does not so decree, and that the judgment in such proceedings is not a final judgment.

In *Matheu* v. *Colón,* 49 P.R.R. 365; *Otero & Co., S. en C.,* v. *Mendín,* 41 P.R.R. 918; *National Cash Register Co.* v. *Berdeguez,* 37 P.R.R. 149, and *Commercial Credit Company* v. *Coll,* 37 P.R.R. 101, we decided appeals from district courts in proceedings under this law. The question whether an appeal lies under the special law was not raised. It was

assumed by the parties and the court that the judgment was appealable.

Section 295 of the Code of Civil Procedure says:

"An appeal may be taken to the Supreme Court from a district court:

"1.—From a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment.

"2.—From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the jdgment not including products and interest thereon exceed three hundred dollars ($300)."

As the decision in this case settled rights, it was a judgment and appealable under said section.

In *Smallwood* v. *District Court*, 50 P.R.R. 608, the question was raised and we said:

". . . the effect and fundamental purpose of the Conditional Sales Act is to give the conditional seller security and protection against the possible fraud of a buyer, and a speedy and adequate legal remedy to recover summarily the possession of the property. . .

"The district court could have and should have decided the controversy. . . within the special proceeding for repossession brought by the conditional seller. . ."

The appellant maintains that this being a case where judgment was rendered on the pleadings, a statement of the case is unnecessary. She cites *People* v. *Borda & Calaf*, 43 P.R.R. 897.

There this court said:

"The judgment was rendered on the pleadings. Therefore, we fully agree wirth the appellee that is was not necessary to prepare a statement of the case in order to perfect the appeal. . ."

The motion to dismiss cannot prevail.

We come then to the facts of the appeal. On September 15, 1936, Pedro A. Pizá sold a Pontiac automobile to Concepción Rosaly widow of Colón Figueroa, doing business

under the name of M. Colón Figueroa, Succrs. The buyer agreed to pay the amount of $1,309.50; $375.75 down and $933.75 in monthly installments.

The contract of conditional sale was duly recorded in the Automobile Division of the Department of the Interior. It contained a stipulation that if any of the instalments due were unpaid, the contract could be rescinded by the vendor and he could recover the automobile according to law. The contract was assigned to the plaintiff bank. It was a condition of the contract that: ''The following is also understood by both parties:

''That for each one of the above stipulated payments the buyer may execute a note in favor of the vendor, if it is so agreed. That in this case the vendor does not accept these notes except as proof of the quantities owing according to this contract.''

The notes in question were drawn up and in them costs and fees were stipulated.

The buyer did not pay the installment due on January 15, 1937, amounting to $103. The plaintiff, Chase National Bank of New York, filed a bill of complaint against her in the Municipal Court of Ponce, Civil Action 151, and obtained judgment for the amount claimed, plus $105.45 for costs and fees, making a total of $208.45.

Concepción Colón Bernazar, the defendant-appellant, attached the automobile in another law suit against Concepción Rosaly.

The Chase National Bank filed a sworn statement and moved for the recovery of the vehicle. The defendants Rosaly and Colón were summoned. The defendant-appellant appeared and deposited $103, in payment of the due installment, plus $20.33 interest thereon, but did not deposit money for the costs and attorney's fees.

She claims she does not have to pay costs or fees under the terms of the contract.

The lower court found that the judgment of the Municipal Court was dated September 17, 1938; that by Act No.

69 of 1936 amending section 327 of the Code of Civil Procedure, the successful party in a lawsuit recovers costs; and that therefore, the duty to pay costs, independently of any clause in the contract or the notes, arises from the law.

The lower court also held that the defendant-appellant was not a subsequent buyer, but an attaching creditor. The court applied *Smallwood* v. *District Court, supra,* where this Supreme Court said:

"Since the record shows that the contract containing the conditions and reservations copied above was duly registered in the Registry of the Department of the Interior on March 20, 1935, under No. 30314, we must hold that any person claiming a right to the automobile in question whether as a subsequent buyer or as the holder of any lien on the automobile, acquired after the date of registration of the contract of conditional sale, is in the same position legally as the original conditional buyer, under the conditions and reservations of the conditional sale, which are binding on any subsequent possessor. In other words, assuming that the conditional buyer has a right to sell the property before having paid the total amount of the instalments stipulated, in spite of the express prohibition of the contract, we must hold that the subsequent buyer or one who acquires a lien or levies an attachment on the property acquires only the same rights which the original buyer had, subject to the right of the seller to rescind the sale and recover possession of the thing sold in case of failure to fulfill the conditions on which the sale was made."

The court found the deposit insufficient, and issued judgment ordering the recovery of the motor car by the plantiff-appellee.

The defendant Colón Bernazar appealed.

The appellant assigns five errors but the issue she raises is the following:

The notes issued in accordance with the contract are not part of the contract; the defendant appellant is bound by the contract but not by the notes; the notes specify payment of costs and attorney's fees in case of judicial action but the contract does not; therefore, the defendant appellant does not have to pay costs, and the deposit was sufficient.

The plaintiff appellee maintains that the lower court was correct. He says the defendant appellant attached whatever rights the other defendant Rosaly had. At this stage of the proceedings, the defendant Rosaly had the right to stay the writ of possession if she deposited the amounts due including costs. The co-defendant Colón Bernazar had exactly the same rights. The appellee also says that the contract specifies that the conditional vendor may sue and if notes are executed, collect them in court; and as costs are granted by law to the party obtaining judgment it was implied that costs would have to be paid by the buyer because they were a consequence thereof in accordance with good faith, use, and law; and section 1210 of the Civil Code (1930 ed.) says:

"Contracts are perfected by mere consent, and from that time they are binding, not only with regard to the fulfilment of what has been expressly stipulated, but also with regard to all the consequences which, according to their character, are in accordance with good faith, use and law."

Therefore, the judgment should be affirmed.